KEEN SUTTERLE CO., Limited, v. UNITED STATES.

(Circuit Court, S. D. New York. December 21, 1900.)

No. 2,163.

CUSTOMS DUTIES—CAPE ANGORA SKINS.

Skins from Cape of Good Hope, taken from goats which are a cross between Cape of Good Hope and Angora goats, and commercially known as "Cape Angoras," imported with the hair attached, which hair is only used for mixing with mortar and is comparatively valueless, are improperly assessed under Act Oct. 1, 1890, as class 2 mohair, but are free, under paragraph 605 of said act, as skins.

Appeal by the Importers from a Decision of the Board of United States General Appraisers.

Albert Comstock, for appellants.
D. Frank Lloyd, Asst. U. S. Atty.

TOWNSEND, District Judge. The merchandise in question comprises skins from the Cape of Good Hope, taken from goats which are a cross between Cape of Good Hope and Persian or Turkish Angora goats, and are commercially known as Cape bastard skins, or mixed or Cape Angoras. They were imported with the hair attached, and duty was assessed thereon at 12 cents per pound, under paragraph 384 of the act of October 1, 1890, as class 2 mohair. The importers protested, contending that they are free, under the provisions of paragraph 605 of said act, as skins. Said paragraph is as follows:

"(605) Hides, raw or uncured, whether dry, salted, or pickled, Angora goatskins, raw, without the wool, unmanufactured, asses' skins, raw or unmanufactured, and skins, except sheep-skins with the wool on."

The first contention of counsel for the government is as to the sufficiency of the samples in evidence. It is unnecessary, however, to consider this contention, because it satisfactorily appears that the skins in question were not Angora goatskins at all, and that the covering thereof was neither wool nor hair of the character of the hair of the Angora goat, but was a coarser hair, not suitable for spinning or for any of the purposes for which wool or Angora goat hair is used. The evidence shows that the hair in this case is only used for mixing with mortar, and is comparatively valueless. All the commercial witnesses agree that these skins are not sufficiently close to those of the true Angora goat from Persia or Turkey as to come within the class known as Angora goatskins. There is no provision for duty on hair when thus naturally a part of the imported goatskin. While crossing the Angora goat with the Cape goat improves the quality of the goatskin, the hair of the cross breed does not have the woolly quality which gives value to that of the Angora goat. Inasmuch, therefore, as skins other than Angora goatskins without the wool are free under the provisions of paragraph 605 of said act, the decision of the board of general appraisers should be reversed.